...

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonja L. Lewis,      )<br>     Plaintiff,      )<br>vs.      )<br>Michael J. Astrue, Commissioner, Social )<br>Security Administration,      )<br>     Defendant.      )<br>_____ ) | CIV-06-1496-PHX-SMM<br><br>**MEMORANDUM OF DECISION<br>AND ORDER** |

Pending before the Court is Petitioner's Application for Award of Attorney's Fees Under the Equal Access to Justice Act, filed September 10, 2007. [Doc. No. 22] Defendant responded on September 28, 2007 [Doc. No. 23], and Plaintiff filed a Reply on October 4, 2007. [Doc. No. 24] After considering the parties' briefs, the Court now issues the following Order.

Petitioner requests an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

More specifically, Petitioner applies for $ 4,248.22[1] representing EAJA fees for 25.3 hours of work and court costs of $ 350.00. Attorney fees shall not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." The fee award requested in the pending case does not exceed the statutory rate specified in the EAJA, adjusted for cost of living increases.

To determine the cost-of-living adjustment ("COLA"), courts multiply the basic EAJA rate ($125 per hour) by the current consumer price index for urban consumers ("CPI-U")[2], and then divide the product by the CPI-U in the month the statutory cap ($125 per hour) was imposed. The quotient is the enhanced hourly rate. *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). Therefore, the hourly rate adjusted for cost-of-living in this case for 25.3 hours of work performed in 2006-2007 is $154.08, for a total fee of $3,898.22.

In its Response, the Commissioner did not dispute that Plaintiff is the prevailing party. However, the Commissioner requests that the award, if any, be "moderately reduced to reflect the limited degree of success in the remand..." and that the payment of the EAJA fees be made to Plaintiff.

The Court finds that Plaintiff's counsel's request for fees is reasonable. First, Defendant made no determination of the exact number of hours that he considered to be reasonable. The Commissioner simply asserted that less time should have been spent, and thus counsel's fee should be reduced. The Court is not persuaded by this mere conclusory statement.

---

[1] Petitioner requested 23.3 (2006-2007) hours x 154.08 hourly fee (plus an additional 2 hours for a reply brief and $350.00 in Court fees) = $4202.00. The Court finds this calculation to be incorrect.

[2] The national CPI-U, rather than the regional CPI-U, is the proper source from which to determine the COLA in this case, given Ninth Circuit case law and the statutory language of the EAJA. *See Jawad v. Barnhart*, 370 F.Supp.2d 1077, 1080-89 (S.D. Cal. 2005) (examining Ninth Circuit and out-of-circuit case law and concluding that utilizing the national CPI-U is consistent with controlling case law and the clear language of the EAJA).

With regard to the payment of EAJA fees, there are two cases in the Ninth Circuit that govern the right to collect EAJA fees. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 874-5 (9th Cir. 1999)(payment must be directed to Plaintiff in absence of assignment); *see also Pony v. County of Los Angeles*, 433 F.3d 1138, 1145 (9th Cir. 2006) (right to collect fees may be assigned) *Gilbrook* addressed the question of whether the payment of an EAJA award may be made to counsel rather than the Plaintiff. *Gilbrook*, 177 F.3d at 872. The Plaintiffs' attorney argued that the district court had erred "by ordering payment of [an EAJA award] directly to Plaintiffs, instead of directly to counsel." Id. [W]hile it is undoubtedly true that Congress expected fee shifting to attract competent counsel to represent citizens deprived of their [] rights," it did not "bestow[] fee awards upon attorneys." Gilbrook, 177 F.3d at 873 (*citing Evans v. Jeff D.*, 475 U.S. 717, 731-32, 106 S. Ct. 1531, 89 L. Ed.2d 747 (1986)). Thus, under current Ninth Circuit precedent, an attorney in this circuit is not entitled to the direct payment of § 1988 attorney fees.[3]

Absent a valid assignment, attorney fees awarded pursuant to a federal fee-shifting statute like the EAJA must be paid to the Plaintiff. *See Pony,* 433 F.3d at 1145 (while a Plaintiff "can transfer the right to collect attorney's fees [under § 1988], she may not transfer the right to seek or waive them" because seeking or waiving fees is a substantive cause of action that cannot be assigned) (emphasis in original); *see also Gilbrook*, 177F.3d at 875 (direct payment to attorney denied in absence of assignment).

Defendant reiterates that he does not object to delivering payment into the custody of counsel so long as Plaintiff's attorney submits a fee agreement with an assignment clause or

---

[3] Both *Gilbrook* and *Pony* construe 42 U.S.C. § 1988 but they are relevant here because Section 1988 is the state "counterpart" of EAJA, *West Virginia Univ. Hospitals, Inc. v Casey*, 499 U.S. 83, 89, 111 S. Ct. 1138, 113 L. Ed. 2d 68 (1991), and federal "prevailing party" fee-shifting statutes should be interpreted consistently. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

1  an affidavit indicating Plaintiff's intent to assign fees as requested by the Commissioner, who
2  is willing to waive strict compliance with the Anti-Assignment Act. [Doc. No. 23].

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 22] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** insofar as Petitioner will be awarded the full amount of fees as calculated by the Court. The Motion is **DENIED** insofar as the award will only be paid directly to Petitioner when and if the Commissioner receives the necessary assignment of the award.[4] Otherwise, payment will be made directly to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $3,898.22 in attorney's fees and $350.00 in court costs for a total award of $ 4,248.22.

DATED this 26th day of October, 2007.

_____
Stephen M. McNamee
United States District Judge

---

[4] See p. 3 *supra*.