**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonja L. Lewis, ) | CIV-06-1496-PHX-SMM |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF DECISION** |
| ) | **AND ORDER** |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Plaintiff's attorney's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 26). The fees, pursuant to 42 U.S.C. § 406(b), come out of a successful Social Security claimant's past due benefits, twenty-five percent of which were withheld by the Commissioner for potential attorney fee payment.

**Background**

In July 2003, Plaintiff applied for disability benefits under Title II of the Social Security Act. Following an initial appeal, an administrative law judge (ALJ) held a hearing and issued a decision denying Plaintiff's claim. Plaintiff retained Counsel and sought Appeals Council review. The Council denied review, and Plaintiff, represented by Counsel, sought judicial review by filing the underlying action. The parties moved for summary judgment. On July 11, 2007, this Court remanded the case for further agency proceedings. Counsel was awarded $3,898.22 in attorney fees (and $350.00 in costs) under the Equal Access to Justice Act (EAJA). On remand, an ALJ issued a favorable decision based on Plaintiff's July 2003 Title II disability application. The Commissioner issued a Notice of Award on June 21, 2008.

The Commissioner determined that Plaintiff was entitled to past-due benefits and advised Plaintiff that 25%, or $8,729.35, of those past-due benefits was being withheld for potential attorney fee payment[1]. Counsel now seeks $8,729.35 in attorney fees for her work before this Court. She proposes to refund to Plaintiff the lesser amount of $3,898.22 that she previously received in EAJA fees.

**Discussion**

Section 206(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. 42 U.S.C. § 406(b)(1)(A).

A district court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Agreements for section 406(b) fees are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.* Within the 25-percent boundary, the attorney for the successful claimant "must show that the fee sought is reasonable for the services rendered." *Id.* Thus, in determining the amount of fees to award counsel, the district court must determine whether the fees sought by counsel from his client exceed the statutory limit and are consistent with his agreement with his client but also reasonable in amount.

After careful consideration of the agreement and the amount requested,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Court **GRANTS** Plaintiff's attorney's Motion for Attorney's Fees. (Doc. 26.)

---

[1] Should the Court find Counsel's request reasonable, the Court should award the amount sought ($8,729.35) and order Counsel to reimburse Plaintiff the $3,898.22 Counsel was previously awarded in EAJA fees.

1  **IT IS FURTHER ORDERED** that **Plaintiff's attorney shall collect $ 8,729.35** in attorney's fees in accordance with 42 U.S.C. § 406(b), and **reimburse Plaintiff $ 3,898.22**, previously paid in accordance with 28 U.S.C. § 2412(d).[2]

DATED this 16th day of September, 2008.

Stephen M. McNamee
United States District Judge

---

[2] This will result in an actual net payment by Plaintiff to her counsel under § 406(b) in the amount of $ 4,831.13, which the Court finds reasonable for the work done by Plaintiff's counsel and based on their agreement.